IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00055-CV

 

Donald Ray McCray,

                                                                                    Appellant

 v.

 

STEPHEN W. ALLEE, et al,

                                                                                    Appellees

 

 



From the 12th District Court

Walker County, Texas

Trial Court No. 23242

 



ORDER



 

In Cause No. 10-06-00243-CV, on October 25, 2006, this Court dismissed
Appellant Donald McCray’s appeal because the complained-of
order was not appealable and the Court lacked jurisdiction.  The trial court’s August
31, 2006 order declared McCray to be a vexatious litigant
and required that he post security in the amount of $500 by February 1, 2007,
failing which his trial-court case would be dismissed.

On February 26, 2007, McCray’s notice of appeal of the February 1,
2007 dismissal and his indigence affidavit were filed.  Accordingly, it is
ordered that the Clerk of this Court shall transfer the Clerk’s Record in Cause
No. 10-06-00243-CV to Cause No. 10-07-00055-CV, and, within thirty (30) days of
the date of this order, the trial court clerk shall file a supplemental clerk’s
record that shall consists of all matters filed in the trial court in the
underlying cause since August 31, 2006.

 

PER CURIAM

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

(Chief
Justice Gray does not join this order and provides the following note:  I have
no idea what McCray has filed in the trial court proceeding since August 31,
2006.  Therefore I have no idea if it is relevant to any issue which we may be
asked to determine in this proceeding.  I do not know what was filed with the
trial court clerk before August 31, 2006 that was not included in the earlier
filed clerk’s record that may be relevant to the issues we are asked to
determine in this proceeding.  Accordingly I would let the parties and the
clerk comply with Rule of Appellate Procedure 34.5 without interference from
this court.  I have no problem moving the existing record over from the earlier
proceeding in this court.  What is, however, baffling to me is why we have not
already dismissed this proceeding.  McCray states in his notice of appeal that
he is appealing a February 1, 2007 judgment.  The trial court clerk tells us
there is no February 1, 2007 trial court judgment.  On March 9, 2007 we
informed McCray that he has 21 days to file a response “identifying what order
or judgment you are appealing and showing grounds for continuing the appeal.” 
On or about April 20, 2007 it appears our clerk confirmed with the trial court
clerk there was “no final judgment at all in this case.”  Accordingly, I would
dismiss the appeal for want of jurisdiction as we did the earlier proceeding.)

Order issued and filed May
30, 2007

Do not publish






160;                                 Appellee
 

From the 310th District Court
Harris County, Texas
Trial Court # 90-46485
                                                                                                    

O P I N I O N
                                                                                                    

      Andrew Page appeals a modification order designating Tammi Curtis, his former wife, as the
sole managing conservator of their two children, setting child support, providing health insurance,
and establishing visitation.
      In points one and two, Page contends that the court abused its discretion in designating Curtis
as the sole managing conservator of the children. There are no findings of fact and conclusions
of law in the record. Because such findings and conclusions were not properly requested,


 the trial
court is presumed to have made all findings of fact necessary to support its judgment.


 As a result,
the judgment must be affirmed on any legal theory that is supported by the evidence.



      At the time the motion to modify was filed, section 14.08(c) of the Texas Family Code
provided that the court may modify a portion of a decree that:
(1) designates a sole managing conservator if:
 (A) the circumstances of the child, sole managing conservator, possessory
conservator, or other party affected by the order or decree have materially and
substantially changed since the date of the rendition of the order or decree to be
modified; and
 (B) the retention of the present sole managing conservator would be injurious to the
welfare of the child; and
 (C) the appointment of the new sole managing conservator would be a positive
improvement for the child; or
. . . .
(4) designates a sole managing conservator if the sole managing conservator has
voluntarily relinquished possession and control of the child for a period of more than 12
months and the modification is in the best interest of the child . . . .




      The record reflects that Page voluntarily relinquished possession and control of one child in
March 1988 and the other child in May 1988. Curtis testified that she retained possession of the
children until May 1990, and that the longest period of possession by Page during that time was
a two-week vacation. Sallye Webster, the court-appointed psychologist who examined the parents
and children, testified that Curtis is better able to meet the psychological needs of the children and
recommended that the children be placed with the mother. Furthermore, Virginia Leeland, the
investigator for the Harris County Family Court Services who conducted a social study,
recommended that Curtis be appointed managing conservator of both children. Because the
evidence supports an implied finding that Page voluntarily relinquished possession and control of
the children for a period of more than 12 months and that the modification is in the best interest
of the children, we overrule points of error one and two.
      In point three, Page contends that the court abused its discretion in failing to consider the
amount of child support actually and currently being paid by Page under another child support
order.


 Page testified that he was obligated to pay $400 per month under another order for the
support of a child by a subsequent marriage. According to Page, the support payments were
deducted from his paycheck so he would not be late. However, Page did not produce a court
order requiring him to support the other child or financial records indicating that the amount he
testified to was actually and currently being paid in compliance with such an order.



      In this case, the court ordered Page to pay $400 per month to Curtis for the support of the two
children. Without findings of fact and conclusions of law, however, it is impossible for us to
determine whether the trial court failed to consider the amount of child support actually and
currently being paid by Page under another child support order. As a result, we must presume
that the trial court made all findings of fact necessary to support its judgment and affirm the
judgment on any legal theory that is supported by the evidence.


 A court's order of child support
will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion.


 
The test for abuse of discretion is whether the trial court acted without reference to any guiding
rules or principles, in other words, whether the act was arbitrary or unreasonable.



      A three-step process is used in setting child support under the child-support guidelines. The
first step is to determine how many children are before the court seeking support in the action. 
The next step is to apply section 14.055 to determine the percentage of net resources to be
allocated for the support of those children. Finally, section 14.054 is consulted to determine
whether a variance from the child-support guidelines is justified.



      Page testified that his gross income for 1990 was approximately $34,000 to $35,000. By
applying Page's monthly gross income to the attorney general's 1990 tax chart for employed
persons, the court could have determined that his net monthly income was approximately $2200.


 
When applying the percentage guidelines set forth in section 14.055, the number of children to be
considered is the number involved in the particular suit before the court, rather than the total
number of the obligor's children.


 As only two children were the subject of this action, the court
should have applied the percentage of net resources section 14.055 allows for two children, which
is twenty-five percent. Accordingly, the court could have determined that a presumptively
reasonable amount of child support was $550 per month.
      Having determined the guideline percentage for the two children involved in this modification
proceeding, the court may then "set the amount of child support either within or outside the range
recommended in Section 14.055 . . . if relevant factors other than the guidelines justify a variance
from the guidelines."


 According to section 14.054, "In making its final determination, the court
shall consider all relevant factors."


 One such factor is "the amount of child support actually and
currently being paid or received by either party under another child support order." By setting
Page's monthly child support obligation $150 less than that recommended in section 14.055, the
trial court apparently considered some relevant factors justifying a variance from the percentage
guidelines. Based on Page's failure to conclusively prove the amount of child support actually and
currently being paid and his failure to properly request findings of fact and conclusions of law,
we hold that the trial court did not abuse its discretion by entering an order of child support in the
amount of $400 per month. Therefore, we overrule point of error three.
      In point four, Page contends that the court abused its discretion by ordering him to pay
additional child support of $50 per month for Curtis to provide health insurance for the children,
rather than ordering Page to include the children in the health insurance available through his
employment. Section 14.061(a) provides that the court "shall consider the cost and quality of
health insurance coverage available to the parties and shall give priority to health insurance
coverage supplied by an employer of one of the parties."


 However, section 14.061(b)(1)
provides that, if health insurance is available for the child through the obligor's employment, the
court "shall order the obligor to include the child in the obligor's health insurance unless either
party shows good cause why such an order would not be in the best interest of the child . . . ."


 
      Again, there are no findings of facts and conclusions of law. However, Curtis testified that
if the children were legally in her custody she could obtain health insurance for them through her
current husband's employment. She also testified that his insurance benefits provided for dental
and optical treatment. Although she did not know how much it would cost to cover the children
on her husband's policy, the financial statement listing her husband's monthly resources and
expenses indicated that the health insurance premium of $95.88 per month included health
insurance for children. On the other hand, Page testified that it cost him $325 per month to
provide HMO coverage for himself, his current wife, and his three children; but that the premium
would be reduced if only one child was covered. Because the court ordered Page to pay Curtis
only $50 per month for health insurance coverage and considering the cost and quality of health
insurance coverage available to each of the parties, we hold that the evidence supports a finding
of good cause why ordering Page to continue to provide insurance through his employment is not
in the best interest of the children. As a result we overrule point of error four.
      In point five, Page contends that the court abused its discretion in granting one of the children
what he describes as a "veto power" over his visitation rights. In addition to a standard possession
order, the court entered the following specific order:
IT IS FURTHER ORDERED AND DECREED that [Page] is ORDERED, as
Possessory Conservator, to take the minor child, [Alexis], to any regular school or
church events in which the minor child, [Alexis], wishes to attend or is currently engaged
in, and in the event [Page] fails and refuses to take said child to such events, then such
visitation which conflicts with the events referenced above shall be suspended and the
said [Page] shall not exercise said visitation with the minor child, [Alexis], except as is
agreeable with the minor child, [Alexis].

      However, Page has failed to support his fifth point of error with any argument, authorities,
or references to the record.


 As a result, the asserted error has been waived.


 Point of error five
is overruled.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings and
          Justice Vance
          (Chief Justice Thomas not participating)
Affirmed
Opinion delivered and filed November 25, 1992
Do not publish